UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RAY, | No. 2:15-cv-746-JAM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| AMY GAYLE WILLIAMS, et al., | |
| Defendants. | |

Plaintiff, who is a resident of California and represented by counsel, initially commenced this diversity action on April 6, 2015. (ECF No. 1.) In short, plaintiff alleges that defendant Amy Gayle Williams and other Doe defendants defamed him via Internet chat rooms, and asserts claims for, *inter alia*, defamation, invasion of privacy, and intentional infliction of emotional distress. Subsequently, on May 8, 2015, defendant Williams, a resident of Alabama, appeared without counsel and filed what has been liberally construed and docketed by the Clerk of Court as an answer to the complaint. (ECF No. 5.) In her answer, defendant Williams essentially indicated that she is a disabled individual living with her parents, that she has never heard of plaintiff, and that she denies any involvement in such alleged online defamation. She attached a February 11, 2015 letter from plaintiff's counsel offering to settle the case for $25,000.00.

////

1

After the filing of defendant's answer, the case was referred to the undersigned pursuant to Local Rule 302(c)(21).  (ECF No. 7.)  On October 27, 2015, the court issued an order requiring the parties to meet and confer and file a joint status report addressing the specific topics related to case scheduling outlined in paragraph 4 of the court's April 6, 2015 Order Requiring Joint Status Report.  (ECF No. 8.)  Thereafter, plaintiff filed a status report addressing the specified topics.  (ECF No. 10.)  Defendant herself failed to file a status report, but her father, William Owens, filed a letter on her behalf.  (ECF No. 9.)

Mr. Owens's letter reiterated defendant's prior contentions, and stated that the IP addresses purportedly referenced in plaintiff's counsel's communications with defendant did not match defendant's IP address.  According to Mr. Owens, plaintiff's counsel has requested for defendant to send plaintiff's counsel defendant's IP address, and if it did not match, plaintiff's counsel would dismiss the case.  However, Mr. Owens contends that his local FBI office advised them not to reveal defendant's IP address to plaintiff's counsel.  (See generally ECF No. 9.)

As an initial matter, although the court appreciates that Mr. Owens is attempting to assist his daughter, Mr. Owens is not a licensed attorney and thus cannot represent defendant in this action.  Although Mr. Owens may certainly provide defendant with moral support and accompany her to any court hearings and conferences, it is defendant's own obligation to respond to court orders, prepare and sign her pleadings/court filings, appear at any court hearings or conferences, and meet and confer with plaintiff's counsel directly.  The court is sympathetic to the difficulties faced by *pro se* litigants in representing themselves in federal court, and thus liberally construes their filings and grants appropriate extensions.  Nevertheless, *pro se* litigants, like other litigants, are required to comply with all court orders, the Federal Rules of Civil Procedure, and the court's Local Rules.[1]  Therefore, the court strongly encourages defendant to make efforts to obtain counsel, if she has not already done so.

Additionally, although the court recognizes defendant's contention that she has no knowledge regarding the alleged online defamation, the court cannot at this juncture make any

---

[1] A copy of the court's Local Rules is available on the court's website or can be obtained in person from the Clerk's Office.

such factual determination. Plaintiff has filed a complaint against defendant, which the court must assume was filed in good faith and in accordance with the strictures of Federal Rule of Civil Procedure 11, and which defendant has already answered. As such, the next step is for the case to be scheduled so that discovery can commence. Plaintiff and defendant are both entitled to conduct formal discovery regarding plaintiff's claims, and plaintiff is not required to accept, at face value, defendant's representation that her IP address does not match the IP addresses known to plaintiff that were affiliated with the alleged online defamation.[2] Concerns regarding the security and misuse of information exchanged in discovery can also be addressed through an appropriate protective order.

As such, the court finds it appropriate to set a pretrial scheduling conference in this matter. Prior to that conference, the parties shall meet and confer, and file an updated joint status report regarding the specific topics related to case scheduling outlined in paragraph 4 of the court's April 6, 2015 Order Requiring Joint Status Report. In light of defendant's location in Alabama, defendant is authorized to appear telephonically at the pretrial scheduling conference, if she elects to do so in lieu of a personal appearance.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. A pretrial scheduling conference in this case is set for Thursday May 12, 2016, at 10:00 a.m., in Courtroom No. 25 before the undersigned. Defendant is authorized to appear telephonically at the conference, and shall make arrangements for a telephonic appearance by contacting the undersigned's courtroom deputy clerk no later than seven (7) days prior to the conference at (916) 930-4187.

2. No later than April 28, 2016, the parties shall file a joint status report addressing the specific topics related to case scheduling outlined in paragraph 4 of the court's April 6, 2015 Order Requiring Joint Status Report.

3. If defendant retains counsel, her attorney shall file a notice of appearance in the action at the earliest opportunity.

---

[2] Indeed, it is well known that an IP address assigned by an internet service provider to a particular user can change over time.

3

4. The Clerk of Court shall serve another copy of the court's April 6, 2015 Order Requiring Joint Status Report (ECF No. 3) on defendant along with this order.

IT IS SO ORDERED.

Dated:  March 3, 2016

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE