UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RAY, | No. 2:15-cv-746-JAM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| AMY GAYLE WILLIAMS, | |
| Defendant. | |

On March 3, 2016, the court scheduled a status (pretrial scheduling) conference in this matter for May 12, 2016, and ordered the parties to file a joint status report no later than April 28, 2016. (ECF No. 12.) The parties ultimately failed to file a joint status report by that deadline. Consequently, on May 4, 2016, the court vacated the status conference and issued an order directing both parties to show cause why monetary sanctions should not be imposed based on their failure to file a joint status report. (ECF No. 14.)

Thereafter, plaintiff and defendant each filed responses to the order to show cause. (ECF Nos. 15, 17.) The responses essentially apologized for the parties' failure to file a timely joint status report, and it appears that the parties are now communicating and cooperating, at least to some extent. Notably, the parties have also filed a joint status report with suggested case scheduling deadlines. (ECF No. 16.) As such, the court declines to impose sanctions at this juncture and discharges the order to show cause.

1

The court acknowledges the request by defendant, who proceeds without counsel, for the court to dismiss the case, because the IP address defendant provided to plaintiff's counsel apparently does not match the IP addresses purportedly associated with the online defamation of plaintiff.  In turn, plaintiff notes that defendant may have used another computer and that there are other alleged indicia that defendant may be involved.  As the court has previously noted, the court recognizes defendant's contention that she has no knowledge regarding the alleged online defamation, but the court cannot at this juncture make any such factual determination.  Plaintiff has filed a complaint against defendant, which defendant has already answered.  At this stage, the court must assume that the complaint was filed in good faith and that plaintiff's counsel is well aware of his obligations under Federal Rule of Civil Procedure 11, as well as the potential sanctions and consequences for violating that rule.  As such, the next step is for the case to be scheduled so that discovery can commence.  Plaintiff and defendant are both entitled to conduct formal discovery regarding plaintiff's claims and defendant's defenses, and concerns regarding security and misuse of information exchanged in discovery can also be addressed through an appropriate protective order.

This case, initially filed on April 6, 2015, has lingered long enough and should now be scheduled.  The court expects the parties to communicate and cooperate in good faith to move the action forward towards a resolution.

Accordingly, the order to show cause (ECF No. 14) is DISCHARGED.  A scheduling order will issue separately.

IT IS SO ORDERED.

Dated:  June 14, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE